UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**RICKY J HAACKE**
**JODY J HAACKE**,

Debtors.

Case No. **10-62849-13**

# MEMORANDUM OF DECISION

At Butte in said District this 27th day of December, 2011.

Pending in this Chapter 13 case is the Debtors' Objection (Docket No. 81) to the secured claim asserted on Proof of Claim No. 15 filed by Gail H. Goheen, P.C. ("Goheen") based on a statutory attorney's lien claimed under MONT. CODE ANN. ("MCA") § 37-61-420, and on confirmation[1] of Debtors' Second Amended Chapter 13 Plan ("Plan") (Dkt. 65). The Chapter 13 Trustee objects to confirmation on the grounds the Plan does not provide for Goheen's secured claim as required under 11 U.S.C. § 1325(a)(5). Debtors' Objection requests that the Court disallow Goheen's secured claim and allow Claim 15 as an unsecured nonpriority claim, without prejudice to Goheen's ability to assert the lien against property awarded to Debtor Jody J. Haacke ("Jody") which is not committed to the Plan. After a hearing on these matters and review of parties' pleadings and applicable law, the Court overrules Debtors' Objection to Goheen's secured claim under 11 U.S.C. § 502(b), and on procedural grounds for Debtors' failure to commence an adversary proceeding to determine the validity and extent of Goheen's lien under

---

[1]Confirmation of Debtors' Plan was vacated by Order entered on June 6, 2011, with the Debtors' consent. Debtors were granted time to file an amended Plan.

1

F.R.B.P. Rule 7001(2) which provides that an adversary proceeding is "a proceeding to determine the validity, priority, or extent of a lien ...." Because Debtors' Objection is overruled confirmation of their Plan must be denied, and Debtors are granted a limited period of time to file a further amended plan and other proceedings to bring this matter to a conclusion.

Hearing on these matters was held at Missoula on November 10, 2011. Debtors were represented at the hearing by attorney Harold V. Dye ("Dye") of Missoula. Goheen appeared pro se. No testimony or exhibits were admitted. The Court heard argument of counsel, and at the conclusion of the argument the Court took the matter under advisement.

This Court has exclusive jurisdiction of this case under 28 U.S.C. § 1334(a). These contested matters are core proceedings concerning allowance or disallowance of claims against the estate and confirmation of a plan under 28 U.S.C. § 157(b)(2)(B) and (L).

## FACTS

The facts are not in dispute, and the parties agree that the Objection to Goheen's secured claim is a matter of law. Goheen represented Debtor Jody J. Haacke ("Jody") in the parties' divorce case until Goheen withdrew. There has been no decree of dissolution entered in the divorce case, and thus there has been no division of marital property. Goheen claims an attorney's charging lien against the marital property pursuant to MCA § 37-61-420(2). Although no division of marital property has occurred in the divorce case, Dye agreed with the Court at the hearing that Goheen may still be secured depending on the division of assets.

Debtors filed their joint Chapter 13 petition on December 14, 2010, and filed their Schedules and Statement of Financial Affairs on January 5, 2011. Debtors list two homes in Hamilton and Corvallis, Montana, both of which are jointly owned and both of which Debtors

2

claim homestead exemptions. Personal property is mostly owned by one or the other of the Debtors. Goheen is listed on Schedule F as a creditor holding an unsecured nonpriority claim against Jody in the amount of $29,232.14.

Schedule I shows that both Debtors are employed and earn income for payment under a Chapter 13 plan. The Statement of Financial Affairs lists the parties divorce case in Ravalli County, Montana, Cause No. DR-08-18 which has been pending since 2008. The parties agreed at the hearing that no decree and property division has been entered in the divorce case, but otherwise no explanation was given regarding the status of the divorce and the delay.

Goheen filed Proof of Claim No. 15 on April 12, 2011. Claim 15 asserts a claim in the amount of $28,965.13 secured by a statutory attorney lien on property valued at $986,500.00. The attachment to Claim 15 provides an itemized accounting. Debtors filed their Objection to Goheen's secured claim on August 9, 2011, on the grounds that Jody has not been awarded anything in the divorce, and that Claim 15 extends to Ricky Haacke's interest in the marital property.

Debtors' amended plan was confirmed, but the Chapter 13 Trustee filed a motion to vacate confirmation, in part because of Goheen's secured claim which was not provided for as required by § 1325(a)(5). Confirmation was vacated with the Debtors' consent. Debtors' Second Amended Plan continues to omit any provision for Goheen's secured claim.

## DISCUSSION

No contention arises that Goheen's Proof of Claim No. 15 was not filed in accordance with F.R.B.P. Rules 3001 or 3002. Under Rule 3001(f), a proof of claim executed and filed in accordance with the rules "shall constitute prima facie evidence of the validity and amount of the

3

claim." The Ninth Circuit Bankruptcy Appellate Panel ("BAP") in *Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706-07 (9th Cir. BAP 2006), discussed clarification provided by the United States Supreme Court decision *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000), regarding the "prima facie evidence" language in Rule 3001(f):

> The Supreme Court has clarified that the Rule 3001(f) "prima facie evidence" language does not address the burden of proof in an objection to claim proceeding. *Raleigh*, 530 U.S. at 22 n. 2, 120 S.Ct. 1951.
>
> It follows that, after *Raleigh*, Rule 3001(f) cannot be construed as allocating the burden of proof and, instead, operates merely as an evidentiary presumption that is rebuttable.
>
> The evidentiary presumption of a prima facie case operates to shift the burden of going forward but not the burden of proof. [*Garner v. Shier (In re Garner),* 246 B.R. 617, 622 (9th Cir. BAP 2000)]; *Diamant v. Kasparian (In re So. Cal. Plastics, Inc.)*, 165 F.3d 1243, 1248 (9th Cir. 1999) (although the creditor bears the ultimate burden of persuasion, the debtor must come forward with evidence to rebut the presumption of validity); 9 [COLLIER ON BANKRUPTCY ¶ 3007.01[1] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2006)] ("once this burden of going forward to overcome the presumption is met, the ultimate burden is on the claimant"). Hence, at best, Litton's $33,435.46 proof of claim was entitled to the Rule 3001(f) evidentiary presumption, which is capable of being rebutted.
>
> Assuming, without deciding, that the evidentiary presumption did apply, the mechanics of what it takes to rebut the Rule 3001(f) presumption are driven by the nature of the presumption as "prima facie" evidence of the claims validity and amount. *Garner*, 245 B.R. at 621-22. The proof of claim is more than "some" evidence; it is, unless rebutted, "prima facie" evidence. *Id.* One rebuts evidence with counter-evidence. *Id.*

347 B.R. at 706-07.

The burden to overcome the prima facie presumption under Rule 3001(f) is on the Debtors. In *Garvida* the objecting debtors satisfied their burden of going forward by proferring evidence at a hearing proving they made payments, and as a result the burden shifted to the

4

creditor to prove the validity and amount of its claim, which it failed when it failed to provide an accounting. 347 B.R. at 702, 707. In the instant case the Debtors offered no evidence at the hearing on their Objection to Goheen's claim, other than the agreed fact that no decree has been interest in their divorce case, which commenced in 2008.

Debtors argue that since no decree has been entered no legal basis exists for Goheen to claim an attorney lien on Ricky Haacke's interest in marital property. Goheen argues that her attorney lien claimed under MCA § 37-61-420(2) attached from the commencement of the Debtors' divorce case, and that since they chose to file this joint Chapter 13 case her lien attaches to the entirety of their undivided interest in the estate property.

This Court does not decide the extent of Goheen's lien in the instant contested matter because the Debtors have not followed proper procedure. Under Rule 7001(2), an adversary proceeding is required to determine the validity, priority or extent of a lien or other interest in property. Debtors' Objection is not an adversary proceeding, and thus the validity and extent of Goheen's attorney lien is not before the Court in the manner required by the Rule. Further, Debtor's Objection states that it is filed pursuant to Rule 3007. Rule 3007(b), F.R.B.P., provides:

> **DEMAND FOR RELIEF REQUIRING AN ADVERSARY PROCEEDING**.
> A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding.

Because of this procedural defect, Debtors' Objection is overruled to the extent it seeks a determination of the validity or extent of Goheen's attorney lien.

Turning to the attorney lien statute, this Court *In re O'Connell*, 167 B.R. 928, 929-30

(Bankr. D. Mont. 1994) construed Montana's attorney charging lien statute:

> Montana has provided under § 37-61-420 as follows:
>
>> *Judgment Lien for Compensation*. (1) the compensation of an attorney and counsel for his services is governed by agreement, express or implied, which is not restrained by law.
>> (2) from the commencement of an action or the service[s] of an answer containing a counterclaim, the attorney who appears for a party has a lien upon the client's cause of action or counterclaim which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whose hands they may come. Such lien cannot be affected by any settlement between the parties before or after judgment.
>
> The language of [§] 37-61-420(2) was slightly amended in 2009 to read:
>
> (2) from the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon the client's cause of action or counterclaim which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds of the action or counterclaim. The lien cannot be affected by any settlement between the parties before or after judgment.

The Court surveyed case law in Montana and other jurisdictions construing similar attorney's charging lien statues. *O'Connell*, 167 B.R. at 9. The Court summarized the Montana cases interpreting § 37-61-420 as follows:

> Section 37-61-420 is a codification of the common law attorney's charging lien which operates as an equitable lien against the client's cause of action, and attaches from the date of the action or counterclaim. The lien attaches to the results of the litigation, which in the present case is the real property awarded the Debtor by the divorce court.

167 B.R. at 930.

The instant case is distinguishable factually from *O'Connell* in that the Haackes' divorce is not final, and no property division or final decree has been entered by the divorce court. On the other hand the instant case is similar in that Goheen and the attorney claiming the charging

6

lien in *O'Connell* each invoked the provisions of § 37-61-420. *O'Connell*, 167 B.R. at 931. The Court concluded that § 37-61-420 creates a statutory lien which cannot be avoided as a judicial lien under 11 U.S.C. § 522(f)(1). *Id.* In footnote 6, the Court specified that it did not decide any issue as to the validity or amount of the attorney's secured claim. *Id.*, n.6.

Allowance of Goheen's claim is governed by 11 U.S.C. § 502. Section 502(a) provides that a proof of claim which is filed under section 501 is deemed allowed unless a party in interest objects. Section 502(a) provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, . . ., objects." *Rein v. Providian Financial Corp.*, 270 F.3d 895, 900 n.6 (9th Cir. 2001). Section 502 (b) provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the Unites States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;
>> (2) such claim is for unmatured interest;
>> (3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;
>> (4) is such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;
>> (5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;
>> (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds –
>>> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of –
>>>> (i) the date of the filing of the petition; and
>>>> (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
>>> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates[.]

In determining allowance of claims, the Court "must find a basis in section 502 to disallow a claim, and absent such basis, we must allow it." *In re SNTL Corp.*, 571 F.3d 826, 838 (2009); *In re Rodriguez*, 375 B.R. 535, 545 (9th Cir. BAP 2007), citing *Travelers Cas. & Sur. Co. of America v. Pacific Gas & Elec. Co.,* 549 U.S. 443, 452, 127 S.Ct. 1199, 1206, 167 L.Ed.2d 178 (2007) ("we generally presume that claims enforceable under applicable state law will be allowed unless they are expressly disallowed. See 11 U.S.C. § 502(b).")

The Debtor contends that Goheen's lien cannot attach because no decree has been entered in the divorce case awarding property to which Goheen's lien may attach. Montana cases construing the attorney lien do not support the Debtors' contention. Montana case law provides that the attorney lien fixes on a client's cause of action "even though the cause of action is 'an intangible, incorporeal something' ...." *O'Connell*, 167 B.R. at 931, quoting *Baker v. Tullock*, 106 Mont. 375, 77 P.2d 1035, 1036 (1938). Goheen having invoked MCA § 37-61-420, it matters neither that no award of marital property has been made, nor that a divorce decree has not been entered in Haacke's divorce. *Id.* An attorney may assert such a lien either prior to judgment or after a judgment has been obtained. *St. Peter & Warren, P.C. v. Purdom*, 2006 MT 172, ¶ 17, 333 Mont. 9, ¶ 17, 140 P.3d 478, ¶ 17; *Bekkedahl v. McKittrick*, 2002 MT 250, ¶ 16, 312 Mont. 156, ¶ 16, 58 P.3d 175, ¶ 16.

Since the divorce action has commenced, and Goheen has invoked her attorney lien under MCA § 37-61-420(2), and Debtors have not identified an express provision of 11 U.S.C. § 502(b) under which the Court may disallow Goheen's claim, Goheen's Claim 15 must be allowed under § 502(b). *Rodriguez*, 375 B.R. at 545; *Travelers,* 549 U.S. at 452, 127 S.Ct. at 1206.

Based upon Debtors' failure to show that Goheen's claim should be disallowed under 11 U.S.C. § 502(b), and improper procedure, the Court overrules Debtors' Objection to Goheen's Proof of Claim 15. With their Objection overruled, the Chapter 13 Trustee's objection to confirmation of Debtors' Second Amended Plan must be sustained and confirmation denied since that Plan makes no provision for Goheen's secured claim as required by § 1325(a)(5).

Denial of confirmation of a plan under § 1325 and denial of a request by a debtor for additional time for filing another plan is a listed "cause" for dismissal of a case, or for conversion to a case under Chapter 7, whichever is in the best interests of creditors and the estate. 11 U.S.C. § 1307(c)(5). The Haackes' divorce case has been pending since 2008, and this Chapter 13 case has been pending for more than a year, and no Plan has been confirmed. It is neither this Court's job to propose a plan for the Debtors, nor its job to suggest the Debtors' next step. However, Debtors' failure to provide for Goheen's allowed secured claim in their Plan, and the absence of any evidence or explanation of what steps they are taking towards completion of their divorce and division of marital property to which Goheen's lien would attach, persuade this Court to impose a deadline to show progress. Otherwise the case will be dismissed or converted to Chapter 7 and a trustee appointed to administer this case.

## CONCLUSIONS OF LAW

1. This Court has exclusive jurisdiction of this case under 28 U.S.C. § 1334(a).

2. This contested matter is a core proceeding concerning allowance or disallowance of claims against the estate and confirmation of a plan under 28 U.S.C. § 157(b)(2)(B) and (L).

3. A proceeding to determine the validity or extent of Goheen's statutory lien requires an adversary proceeding. F.R.B.P. 7001(2).

4.  Debtors failed to show Goheen's claim is unenforceable under applicable law for a reason other than because her claim is contingent or unmatured, and therefore the Court "shall allow such claim" under 11 U.S.C. § 502(b).

5.  Debtors' Second Amended Plan fails to provide for Goheen's Proof of Claim No. 15 as required for confirmation under 11 U.S.C. § 1325(a)(5).

**IT IS ORDERED** a separate Order shall be entered overruling Debtors' Objection to Goheen's Proof of Claim, and denying confirmation of Debtors' Second Amended Chapter 13 Plan.  Debtors will be granted a period of 14 days to file a further amended Plan or other appropriate pleading, or this case will be dismissed or converted to a case under Chapter 7 without further notice or hearing.

BY THE COURT

_Ralph B Kirscher_
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana